**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA,
WESTERN DIVISION**


IN RE:                                                    BK 04-70785-CMS-13

**MARTAROSA SHAMERY,**

     **DEBTOR.**

<u>**MEMORANDUM OF DECISION**</u>

    This matter was before the court on a motion to determine ownership of a personal injury claim**,** to accept an offer in settlement of the claim, and for approval of attorney's fees and expenses. The court has reviewed the evidence in the context of applicable law and finds the claim is **property** of Shamery's **BANKRUPTCY ESTATE,** that the settlement of the claim is due to be **APPROVED**, and that payment of the attorney's contingent fees should also be **APPROVED**.

**FINDING OF FACTS**

    The court held an October 12, 2006 hearing on this <u>**MOTION FOR DETERMINATION OF OWNERSHIP OF CLAIM AND FOR APPROVAL OF ESTATES ACCEPTANCE OF AN OFFER IN A GROUP PERSONAL INJURY SETTLEMENT, APPROVAL OF RETENTION OF SPECIAL COUNSEL WHO GENERATED THE GROUP OFFER AND PAYMENT OF CONTINGENT FEES AND EXPENSES**</u> (BK Doc. 74).

    Jason A. Stuckey of the firm Gulas & Stuckey; Michael T. Gallagher of The Gallagher Firm; Richard A. Freese of the firm Sweet & Freese; Tim K. Goss of the firm Capshaw, Goss & Bowers, LLP; and Chris Hellums of the firm Pittman Hooks Dutton Kirby and Hellums, (hereinafter referred to as Group Counsel) filed the motion.

    In essence, the movants asked the Bankruptcy Court to determine the following:

(1) If a claim of the debtor against Warner Lambert, LLC and Pfizer, LLC arising from use of Rezulin was property of the bankruptcy estate;

(2) If the claim is property of the estate, to authorize their retention as special counsel on a contingent fee basis;

(3) To approve their consummation of a settlement of debtor's claim; and

1

(4) To award attorney fees and expenses.

A previous motion requesting similar relief (BK Doc. 54) was set for the October 12, 2006 hearing as well. Objections to Group Counsel's motions by the Chapter 13 Trustee and the Bankruptcy Administrator were also heard that day. (See BK Docs. 57, 60 , 79 and 80)

The court has set out below a chronology of factual events leading up to this point. This chronology is based upon the bankruptcy file of Martarosa Shamery, the file of AP 02-70118, and exhibits to pleadings in the bankruptcy file.

**Prior to December, 2004 –** Martarosa Shamery retained Group Counsel to represent her against Parke-Davis, a division of Warner Lambert, LLC, on a claim arising out of her use of the drug Rezulin. The parties agreed to a 40 % contingent fee. The exact date of this retention is not in evidence.

**November 21, 2002** - Chapter 13 Trustee David Cottingham filed an adversary proceeding, AP 02-70118, against attorney Morris Bart and other defendants representing debtors in such group claims. The trustee's complaint alleged that counsel had failed to obtain approval of their employment to represent bankruptcy estates of Chapter 13 debtors with such claims.

**March 17, 2004** - Shamery filed this Chapter 13 case. (BK Doc. 1) The debtor listed her Rezulin claim on Schedule B as personal property with an estimated value of $2,650.00. She  also scheduled the Rezulin claim on Schedule C valued at $2,650.00 and claimed the $2,650.00 as exempt. Bankruptcy Doc. 4 is her proposed plan, which was also submitted with her petition. Her plan provided that "debtor agrees that any lawsuit proceeds above and beyond her exemptions will be paid to Trustee for the benefit of her creditors".

**May 20, 2004** - The court entered an order confirming Shamery's plan. (BK Doc. 14) The confirmation order included a provision stating:

> By agreement, in the event the debtor(s) receive any money from the lawsuit scheduled then the money recovered above the amount claimed exempt shall be paid to the Chapter 13 Standing Trustee and the percentage paid to Unsecured Creditors adjusted accordingly.

Debtor's plan, as confirmed, provided for no distribution to unsecured creditors other than the possible nonexempt portion of her lawsuit.

Case 04-70785-CMS13    Doc 88    Filed 12/18/06    Entered 12/18/06 15:49:31    Desc Main
Document      Page 2 of 6

**December, 2004** -   The parties reached a global settlement in the Rezulin group cases that Shamery had joined.  The settlement was structured so that accepting plaintiffs  would be entitled to various settlement amounts based on their injuries or potential injuries.  Shamery, who had no proof of injury, would be entitled to receive approximately $4,503.00 if she accepted  the offer.

**December 27, 2004** - During the pendency of the trustees's separate adversary proceeding (AP 02-70118), The Gallagher Firm did a Pacer search to determine which of their clients might also be bankruptcy debtors in the Northern District of Alabama. Apparently, Shamery's name appeared on the list as having filed a bankruptcy petition in 2004. (BK Doc. 79, Exhibit 1).

**April 5, 2005** - Attorney Stuckey sent a letter to attorney Gallagher advising him that he had prepared the applications to be employed in bankruptcy cases in Alabama. (BK Doc. 79, Exhibit 2) His letter indicated that applications had been sent to the clients, including debtor Martarosa Shamery, for signature.  A sample application, along with last pages to sign, was enclosed and was to be sent on to Attorney Freese for his signature.  There is no evidence as to whether or not the debtor returned an application to any of the law firms.  However, none of the applications ultimately filed with the court were signed by the debtor.

**February 16, 2006** -  Attorneys  Jason A. Stuckey, Richard A. Freese and Michael T. Gallagher filed their first applications to be employed to represent the debtor in her Rezulin case. (BK Docs. 36, 37 and 38)

**March 16, 2006** -   The Chapter 13 Trustee objected to the employment applications filed by the three attorneys. (BK Doc. 48) The trustee asked the court to deny counsel's employment and that they be awarded no fees or expenses.

**March 22, 2006** -   The three attorneys withdrew their initial applications for employment because of deficiencies pointed out by the trustee. (BK Doc. 51)

**May 26, 2006** -   Group Counsel filed their first motion to determine ownership of the claim, approve the settlement, and approve retention of counsel and attorney fees. (BK Doc. 54)

**July 3, 2006** -   The Chapter 13 trustee objected to Document 54 . (BK Doc. 57)

**July 5, 2006**  -   The Bankruptcy Administrator objected to Document 54. (BK Doc. 60)

3

**July 7, 2006** - The Chapter 13 trustee filed a motion to modify the debtor's plan which asked the court to "increase the percentage to be paid to unsecured creditors in an amount equal to the non-exempt proceeds that are to be recovered by the Debtor". (BK Doc. 61) This is the same language contained in the debtor's confirmation order.

**July 25, 2006** - The parties reached a settlement with the Gallagher defendants in the trustee's lawsuit, AP 02-70118. (AP Doc. 367) Settlement provisions allowed Group Counsel to file applications to be employed in the bankruptcy cases of individual debtors with pending claims similar to Shamery's. This application was to be filed within 30 days of entry of the settlement order in AP 02-70118.

**August 2, 2006** - The debtor amended her Schedule B and C. (BK Doc. 71) In Schedule B, she listed the value of her interest in the Rezulin claim as $3,000.00. In Schedule C, she also listed the value of the Rezulin claim at $3,000.00 and claimed the full $3,000.00 as exempt. There were no objections to the amended claim of exemptions.

**August 9, 2006** - An order was entered granting the trustee's motion to modify the debtor's plan and increasing the distribution to unsecured creditors to "an amount equal to the non-exempt proceeds to be recovered by debtor in pending lawsuit". (BK Doc. 72)

**August 23, 2006** - Group Counsel filed BK Doc. 74, the motion currently before the court, which is similar to the request in BK Doc. 54. It was filed in compliance with the time limit set by the settlement order in AP 02-70118.

**October 11, 2006** - The Bankruptcy Administrator and Trustee objected to Group Counsel's motion. (BK Docs. 79 and 80) These objections did not oppose the employment of Group Counsel per se; but asserted that the employment should be effective as of May 26, 2006 (when BK Doc. 54 was filed), and that fees and expenses should only be allowed for services rendered after that date.

## CONCLUSIONS OF LAW

This court has jurisdiction of Shamery's Chapter 13 case pursuant to 28 U.S.C. § 1334(a). This court has jurisdiction of this motion, including core bankruptcy proceedings, under 28 U.S.C. § 1334(b). Pursuant to 28 U.S. § 157(a), the jurisdiction is referred to this court by the General Order

4

of Reference of the United States District Courts for the Northern District of Alabama, Signed July 16, 1984, As Amended July 17, 1984.

At the hearing on October 12, 2006 the court authorized the employment of group counsel effective May 26, 2006. An order was entered reflecting this on October 18, 2006. (BK Doc. 82) The court further announced that it would approve Group Counsel's motion on Shamery's behalf to compromise the Rezulin claim for approximately $4,503.00 . The court has determined, based upon the debtor's schedules and her confirmation order, that this prepetition cause of action was clearly an asset of her bankruptcy estate.

Group Counsel's employment was approved pursuant to Section 327(e) of the Bankruptcy Code. (BK Doc. 82) Their employment was on a contingent fee basis. Therefore, pursuant to Section 330(a) and Section 331 of the Bankruptcy Code, they would be allowed reasonable compensation and reimbursement for actual and necessary expenses. The only remaining issue for the court to decide is the amount of fees which are reasonable for the services rendered by Group Counsel on behalf of the debtor and a reasonable amount of expenses.

Group Counsel learned of Shamery's pending Chapter 13 bankruptcy case as a result of a Pacer search during the resolution of AP 02-70118. One of the issues in AP 02-70118 was which of Group Counsel's clients were, or had been, in bankruptcy while their drug claims were pending. Another disputed issue  involved who -- the debtor and bankruptcy counsel, or Group Counsel – was responsible for applying to the Bankruptcy Court for approval of Group Counsel's employment. Although the adversary proceeding was settled,  there was no ruling on who was responsible for requesting employment of special counsel in this type case.

The record shows that Group Counsel learned of Shamery's pending bankruptcy case in December of 2004 (BK Doc. 79, Exhibit 1), the same month a global settlement was reached in the Rezulin drug cases.

The record is not clear on exactly when Shamery retained Group Counsel. However, the record does show that the efforts of Group Counsel resulted in a global settlement of Rezulin claims in the same month that counsel learned of the debtor's nine-month-old Chapter 13 case. Further efforts are

5

still required on behalf of individual claimants, including Shamery, to consummate the settlements; to obtain and disburse settlement funds; and to execute appropriate releases.

A contingent fee of 40% would yield a total attorney's fee of $1,801.43 plus interest accrued since the global settlement. Based upon the facts in this case, the court finds that a contingent fee of $1,801.43 plus interest is a reasonable fee, and that it must be approved.

Group counsel has also requested expenses in the amount of $268.21. However, they have provided no itemization setting out the nature of the expenses, or the dates they were incurred. Because of this defect, the court cannot determine if these expenses are actual or necessary as required by Section 330. Therefore, no expenses are due to be approved.

## CONCLUSION

In summary, the court finds the prepetition cause of action and its settlement to be **property** of Shamery's **BANKRUPTCY ESTATE**; that Shamery's $4,503.00 settlement offer should be **APPROVED**; and that payment of Group Counsel's 40% contingent attorney's fee for representing the debtor must also be **APPROVED**.

Group Counsel is to be directed to submit to the court an order setting out the amount of fees to be received by each individual attorney in the group, consistent with a total award of $1,801.43 plus interest.

An order, consistent with these findings pursuant to Fed. R. Bankr. P. 7052, will be entered separately

**DONE and ORDERED** this December 15, 2006.

/s/ C. Michael Stilson
C. Michael Stilson
United States Bankruptcy Judge

6